UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JIMMY WHITE                               CIVIL ACTION NO. 16-cv-0052

VERSUS                                    JUDGE FOOTE

GARY LOFTIN, ET AL                        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

This is one of 38 prisoner complaints that invokes the Reprieve Australia "Blackstrikes" report and seeks broad injunctive relief against current jury selection procedures in Caddo Parish, plus production of voluminous documents. The court has ruled in one of the cases that the claims lack merit. For the reasons that follow, it is recommended that this case also be dismissed.

**State Court Conviction**

Jimmy White ("Plaintiff") alleges that he was convicted of a crime in Caddo Parish, but he does not identify his particular case. It appears that he may be the Jimmy Ray White who was convicted in State v. White, 57 So.3d 1078 (La. App. 2d Cir. 2011), writ denied, 71 So.3d 310 (La.). The facts in that case show that a woman was driving home when her car stalled at the intersection of Linwood Avenue and Corbitt Street in Shreveport. She activated her hazard lights. A group of young boys, including the victim, stopped to help her push her car from the street. As they did so, a car driven by the defendant came from behind at a

quick rate of speed. One of the boys tried to flag the car down, then yelled for everyone to get out of the way. The car did not stop, crashed into the disabled car, and kept going.

The boys initially thought that everyone had gotten out of the path safely, but the victim could not be found. His shoes were at the accident scene. A man found the victim's body in the road more than a mile from where the accident took place. The defendant went home and tried to hide his car behind a house. His girlfriend became suspicious and alerted the police, who found the car to have severe damage to the front, with blood inside the car and all over the windshield.

A Caddo Parish jury convicted the defendant of manslaughter. He was adjudicated a fourth-felony habitual offender and given a mandatory life sentence. The conviction and sentence were upheld on appeal in the cited decision. A recent post-conviction application was denied for lack of merit. Plaintiff has pending in this court a federal habeas corpus petition. White v. Vannoy, 16-cv-0643. That petition does not assert a Batson claim.

**The Federal Proceedings**

Reprieve Australia, a civil rights organization, released its "Blackstrikes" report in August 2015. It reviewed the use of peremptory challenges in Caddo Parish between 2003 and 2012 and suggested that Caddo Parish prosecutors during that time were more than three times as likely to strike black as non-black prospective jurors.

Plaintiff, joined by 12 other prisoners, filed a "Motion for Preliminary Injunction and Protection Order Over All Records." The motion cites the report and asks for a preliminary

injunction that orders the Caddo Parish Clerk of Court and District Attorney to provide all records related to jury selection, orders the defendants to stop purposefully excluding prospective black jurors on the basis of race, and orders a stop to an alleged racial coding system.

The court found that the several plaintiffs could not properly join in one action, so a separate civil action was opened for each of the prisoner/plaintiffs. Several other prisoners soon filed virtually identical motions, for a total of 38 such motions under separate case numbers. All of those cases were assigned to the same judge and magistrate judge for the sake of consistency and efficiency.

**Recommendation**

The undersigned reviewed the claims in detail in a Report and Recommendation in the lead case, Wilbert Robertson v. Loftin, 15-cv-2678. The Report and Recommendation noted that the movants had disavowed any request for habeas relief, and there was no viable basis for a claim under 42 U.S.C. § 1983. It explained that there was no actual case or controversy that would allow the prisoners to invoke the jurisdiction of the court to seek injunctive relief. Finally, it explained why there was no basis to seek a writ of mandamus to state court officials that directs them to provide the prisoners with transcripts of their trial proceedings or other records.

Judge Foote adopted that recommendation and entered a final judgment that denied the request for injunction and dismissed the civil action without prejudice. Robertson v.

Loftin, 2016 WL 3919718 (W. D. La. 2016), recommendation adopted, 2016 WL 3920425 (W.D. La. 2016).  A copy of the Report and Recommendation and the Judgment from the Robertson case are attached.

The clerk of court originally designated this case as a habeas corpus proceeding. Plaintiff then filed a motion to correct what he said was a clerical error in that regard. The court issued an order (Doc. 6) that granted Plaintiff's request to treat the case as an ordinary civil action rather than a habeas corpus petition.  The court explained that if Plaintiff wished to go forward with the case, he would have to pay the $400 filing fee or file an application to proceed in forma pauperis.  The court noted that if Plaintiff were granted pauper status, a $350 filing fee (prisoner paupers do not pay a $50 administrative fee) would be deducted from his inmate trust account as funds become available.  Plaintiff was advised of the court's ruling in Robertson and given the opportunity to avoid paying the filing fee by voluntarily dismissing this action.

At least one fellow prisoner in similar circumstances has moved for voluntary dismissal of his case rather than incur the expense of the filing fee, but Plaintiff responded with a motion for leave to proceed in forma pauperis.  That motion has been granted, and Plaintiff is now responsible for the entire $350 filing fee.  Unfortunately, his money will be wasted because there is no legal distinction between this case and Robertson, so denial of all relief is warranted in this case. There is simply no legal basis for any of the sweeping injunctive relief that Plaintiff  seeks.

The undersigned ordinarily includes a recommendation in a habeas corpus case regarding whether a certificate of appealability ("COA") should issue.[1] The clerk of court initially designated this case a habeas proceeding, but Plaintiff submitted a motion that said that designation was a "clerical error," and he disavowed any request for habeas relief in this case. Considering those filings, it appears that this is not a habeas corpus proceeding. Accordingly, no recommendation is required regarding a COA.

Accordingly,

IT IS RECOMMENDED that Plaintiff's **Motion for Preliminary Injunction and Protection Order Over All Records (Doc. 1)** be **denied** and that this action be **dismissed without prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

---

[1] The COA requirement is set forth in 28 U.S.C. § 2253(c), F.R.A.P. 22(b), and Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge